UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14448-CIV-MAYNARD[1]

WILLIAM ANDREW DUPRE,

    Plaintiff,

v.

FIRST FINANCIAL ASSET
MANAGEMENT, INC., d/b/a
Resolve First Financial,

    Defendant.
_____/

### ORDER OF INSTRUCTIONS TO *PRO SE* LITIGANTS

    **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. A litigant in this case is proceeding *pro se*. It is therefore important that this litigant, and any other parties who may appear *pro se*, be advised of essential requirements concerning this case.

    *Pro se* litigants, like all litigants, must comply with the rules of civil procedure, local rules, and the Court's orders. It is therefore **ORDERED** that all *pro se* litigants in this case shall comply with all Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida. The Local Rules may be obtained from the Clerk of Court. Failure to comply with the federal and local rules may result in the imposition of sanctions. Some of these rule requirements are as follows:

---

[1] Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been assigned as the presiding Judge in this non-prisoner *pro se* civil case. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2025-11.pdf.

1. Every pleading, motion, memorandum or other paper required and/or permitted to be filed with the Court must be filed directly with the Clerk of the Court. No letters, pleadings, motions or other documents may be sent directly to the District Judge or Magistrate Judge's chambers. Any papers improperly delivered directly to chambers will be returned and disregarded by the Court.

2. All papers filed must include the case style, case number, and appropriate title in the format required by the Local Rules. *See* Local Rule 5.1. The signature block of each pleading must also contain the *pro se* litigant's name, address and telephone number.

3. All papers filed with the Clerk of Court must also be served on the opposing counsel or the opposing side if the opposing side is not represented by counsel. Each filing must include a certificate of service indicating the name and address of the attorney served.

4. Litigants must promptly notify the Court of any change in address by filing a "Notice of Change of Address," which also must be served on opposing counsel. If a *pro se* litigant's address changes and no change of address is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution and/or unanswered motions may be granted by default. Further, *pro se* litigants are required to supply the Court with their email address(es) and telephone number(s) to facilitate communication and the timely receipt of Court orders.

5. A *pro se* litigant may consent to receive CM/ECF notices electronically, by filing a "Consent by Pro Se Litigant to Receive Notice of Electronic Filing." The consent form may be found on the Southern District website at http://www.flsd.uscourts.gov/?page_id=456. After filing a consent, a *pro se* litigant will receive case orders, notices and

other documents filed via email. Paper copies of filings will no longer be sent by the Court or opposing counsel.

6. *Pro se* litigants must review and comply with Local Rule 7.1. Failure to timely file a response to an opposing motion may result in the Court granting the motion by default, without further notice due to failure to comply with the Local Rules.

7. Any litigant and his or her family, friends, or acquaintances may not call the Judge's chambers for legal advice about the case. Brief case status information contained on the docket sheet may be available from the Clerk of Court.

8. A *pro se* litigant bears responsibility for actively pursuing his or her case and must obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial.

9. Unless the Court orders otherwise, it is Plaintiff's responsibility to see to it that Defendants are served with the summons and complaint. Under Federal Rule of Civil Procedure 4(m), service of the summons and complaint generally must be perfected upon Defendants within 90 days after the filing of the complaint. Plaintiff must perfect service of the summons and Complaint against all Defendants named in the Complaint and file proof of service in this Court. Plaintiff is cautioned that failure to comply with the service requirements in this Order may result in the dismissal of the action without prejudice against any Defendant not served. *See* Fed. R. Civ. P. 4(m).

10. *Pro se* litigants are not entitled to the appointment of counsel in a civil case. However, a *pro se* litigant may request to participate in the Volunteer Attorney Program of the U.S. District Court for the Southern District of Florida by filing a motion for referral to Volunteer Attorney Program. The Court in its discretion may grant the motion and direct

the case to be placed on an online list of available cases for consideration by volunteer attorneys. In general, such cases are referred when the claims and issues in a case are firmly crystallized, such as cases that survive motions to dismiss and/or for summary judgment, and the Court finds that the services of a volunteer attorney may prove useful.

11.     *Pro se* litigants may not represent a corporation under Florida or federal law. *Commercial & Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. 60 (1840); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985); *Szteinbaum v. Kaes Inversiones*, 476 So. 2d 247 (3d DCA 1985).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 12th day of January, 2026.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE