UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14448-CIV-MAYNARD[1]

WILLIAM ANDREW DUPRE,

    Plaintiff,

v.

FIRST FINANCIAL ASSET
MANAGEMENT, INC., d/b/a
Resolve First Financial,

    Defendant.
_____/

## ORDER ON MOTIONS

**THIS CAUSE** came before me upon *pro se* Plaintiff William Andrew Dupre's Motion to Proceed *In Forma Pauperis* ("IFP Motion"), DE 3, and Motion for Service by U.S. Marshal ("Service Motion"), DE 5. Having reviewed this pair of Motions, I find they must be **DENIED** without prejudice for the following reasons.

Authority for granting a plaintiff permission to proceed *in forma pauperis* ("IFP") is found at 28 U.S.C. § 1915, which provides:

> [Subject to inapplicable exceptions], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

[1] Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been assigned as the presiding Judge in this non-prisoner *pro se* civil case. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts. gov/sites/flsd/files/adminorders/2025-11.pdf.

28 U.S.C. § 1915(a)(1). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). The IFP statute, "28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612–13 (11th Cir. 1997) (citing *Coppedge v. U.S.*, 369 U.S. 438, 446 (1962)). However, "[t]here is no question that proceeding [IFP] is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Nevertheless, "while a trial court has broad discretion in denying an application to proceed [IFP] under 28 U.S.C.A. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983); *see also Martinez*, 364 F.3d at 1305–07 (11th Cir. 2004).

A court reviewing an IFP motion must "first compar[e] the applicant's assets and liabilities in order to determine whether [s]he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08). "The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978). Funds "derived from family sources" are relevant to evaluation of an IFP application. *Sellers v. U.S.*, 881 F.2d 1061, 1063 (11th Cir. 1989); *see also Wilson v. Sargent*, 313 F.3d 1315, 1319–20 (11th Cir. 2002) (same); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the

applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [ ] court has not been blocked by h[er] financial condition, rather [that s]he is 'merely in the position of having to weigh the financial constraints imposed if [s]he pursues [her position] against the merits of h[er] case,' then a court properly exercises its discretion to deny the application.").

Plaintiff's IFP Motion consists of five paragraphs stating that he earns approximately $2,600 in net pay per month, has two dependents, has monthly expenses approximating $2,850, and has no substantial savings or assets to pay the filing fee.  DE 3.

The Motion is insufficient to establish Plaintiff is eligible to proceed IFP under § 1915. Though Plaintiff avers that he has no substantial savings or assets, he does not include sufficient detail or information about his overall financial situation.  For example, there is no information about other potential sources of income, what specific assets he has, and whether he has access to any funds from family sources.  Such detailed information is relevant in assessing a litigant's financial eligibility to proceed IFP.  Plaintiff must provide more information on his financial resources so that I may properly evaluate and make an informed decision on her eligibility to proceed IFP.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Proceed *In Forma Pauperis*, DE 3, is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's related Motion for Service by U.S. Marshal, DE 5, is **DENIED WITHOUT PREJUDICE**.

3. On or before **FRIDAY, JANUARY 30, 2026**, Plaintiff shall either (1) pay the filing fee, or (2) file an amended motion to proceed IFP, providing more detailed information

on household income and assets. To ensure the required level of specificity, Plaintiff must use the long-form application available at https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-long-form or in the Clerk's office.

4. If Plaintiff proceeds by paying the filing fee, Plaintiff must also timely and properly serve Defendants with process. To do so, he must obtain Summonses from the Clerk of Court; serve the respective Summons and a copy of the Complaint to the Defendant; and thereafter file proof of service in the record. *See* Rule 4, Federal Rules of Civil Procedure (setting forth the requirements to properly effectuate service of process).

5. **Plaintiff is cautioned that his failure to comply with the requirements of this Order may result in this action being dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 12th day of January, 2026.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE