

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

William Andrew Dupre,
Plaintiff,

v.

First Financial Asset Management, Inc., et al.
Defendants.

Case No. 2:25-cv-14448-SMM

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST RESOLVE FIRST FINANCIAL, LLC**

*(Pursuant to Fed. R. Civ. P. 55(b))*

Plaintiff William Andrew Dupre, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(b) for entry of Final Default Judgment against Defendant Resolve First Financial, LLC, and states as follows:

## I. INTRODUCTION

This action arises from Defendant's repeated and unlawful telephone calls and voicemail messages to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded voice in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

Despite Plaintiff disputing the alleged debt and demanding that collection communications cease, Defendant continued placing calls and leaving voicemail messages to Plaintiff's cellular telephone.

Defendant failed to appear, plead, or otherwise defend this action.

The Clerk of Court has entered default against Defendant. Plaintiff therefore seeks entry of Final Default Judgment and statutory damages.

## II. PROCEDURAL HISTORY

1. Plaintiff filed the Complaint alleging violations of the TCPA and FDCPA.

2. Defendant Resolve First Financial, LLC was properly served with the Summons and Complaint.

3. Defendant failed to file a responsive pleading or otherwise defend this action.

4. The Clerk of Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). A copy of the Clerk's Entry of Default is attached as Exhibit D.

5. Defendant has not appeared in this action and the time to do so has expired.

6. Plaintiff now moves for entry of Final Default Judgment pursuant to Rule 55(b).

## III. FACTUAL BACKGROUND

Beginning on or about August 4, 2025, Plaintiff began receiving telephone calls and voicemail messages attempting to collect an alleged debt.

Prior to Defendant's involvement, the alleged debt was being collected by Walden Pierce Group, which acted as a prior debt collector attempting to collect the same account.

Between August 4, 2025 and September 25, 2025, Plaintiff received approximately fifteen (15) voicemail messages and related collection calls from Walden Pierce Group.

After receiving those communications, Plaintiff sent a written cease-and-desist letter disputing the alleged debt and demanding that collection communications cease.

A copy of the cease-and-desist letter and proof of certified mailing are attached as Exhibit C..

The alleged debt referenced by collectors had previously been discharged through Plaintiff's bankruptcy proceedings. Despite this discharge and Plaintiff's written dispute of the debt, collection activity regarding the same account continued.

Thereafter, the account was transferred to Resolve First Financial, LLC, which began placing calls and leaving voicemail messages to Plaintiff regarding the same alleged debt.

Despite the prior written dispute and cease-and-desist notice regarding the account, Defendant continued placing calls and leaving voicemail messages to Plaintiff's cellular telephone.

Plaintiff documented forty-six (46) voicemail messages and related calls originating from telephone numbers associated with Defendant.

A summary of these calls is attached as Exhibit A, and voicemail transcript screenshots are attached as Exhibit B.

## IV. TIMELINE OF RELEVANT EVENTS

The relevant events giving rise to this action are summarized as follows:

August 4, 2025 – September 25, 2025

Plaintiff received approximately 15 voicemail messages and collection calls from Walden Pierce Group attempting to collect the alleged debt.

September 25, 2025

Plaintiff sent a written cease-and-desist letter disputing the alleged debt and demanding that collection communications cease to Walden Pierce Group via certified mail.

October 9, 2025

Defendant Resolve First Financial, LLC began placing calls and leaving voicemail messages to Plaintiff attempting to collect the same alleged debt.

October 9, 2025 – November 10, 2025

Defendant left forty-six (46) voicemail messages and related calls to Plaintiff's cellular telephone attempting to collect the alleged debt.

The transfer of collection activity from Walden Pierce Group to Defendant demonstrates that multiple collectors attempted to collect the same alleged debt despite Plaintiff's written dispute and cease-and-desist notice.

## V. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a court may enter default judgment when a defendant fails to plead or otherwise defend an action after the Clerk has entered default.

Upon default, the defendant is deemed to admit the well-pleaded factual allegations of the complaint.

The Court may then enter judgment and award statutory damages supported by the record.

## VI. TCPA VIOLATIONS

The Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1), prohibits calls to a cellular telephone using an automatic telephone dialing system or prerecorded voice without the prior express consent of the called party.

The TCPA provides statutory damages of:

- $500 per violation, or

- $1,500 per violation if the violation is knowing or willful

47 U.S.C. §227(b)(3).

Defendant placed at least forty-six (46) documented calls and voicemail communications to Plaintiff's cellular telephone.

## VII. WILLFUL AND KNOWING VIOLATIONS

Defendant's violations were knowing and willful within the meaning of 47 U.S.C. §227(b)(3).

Plaintiff had previously disputed the alleged debt and demanded that collection communications cease through a written cease-and-desist notice sent while the account was being collected by a prior debt collector, Walden Pierce Group.

Despite the dispute and notice regarding the account, Defendant Resolve First Financial, LLC continued placing calls and leaving voicemail messages to Plaintiff's cellular telephone attempting to collect the same alleged debt.

The continued use of automated calls and voicemail messages after the account had been disputed demonstrates that Defendant knew or should have known that its conduct violated the TCPA, thereby warranting treble statutory damages of $1,500 per violation.

Accordingly, Plaintiff requests statutory damages of:

46 violations × $1,500 = $69,000

## VIII. FDCPA VIOLATIONS

The Fair Debt Collection Practices Act, 15 U.S.C. §1692, prohibits debt collectors from engaging in harassing or abusive collection practices.

Defendant continued to contact Plaintiff regarding the alleged debt even after Plaintiff had disputed the debt and demanded that communications cease.

Such conduct constitutes harassment and unlawful collection activity under the FDCPA.

The FDCPA provides statutory damages of up to $1,000 per proceeding.

Plaintiff respectfully requests $1,000 in statutory damages.

## IX. DAMAGES REQUESTED

TCPA statutory damages: $69,000

FDCPA statutory damages: $1,000

Total statutory damages requested:

$70,000

Plaintiff additionally requests taxable costs, including the cost of service of process.

Because the damages requested are statutory and can be calculated from the record, no evidentiary hearing is necessary for the Court to enter final default judgment.

## X. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter Final Default Judgment against Defendant Resolve First Financial, LLC;

2. Award statutory damages totaling $70,000;

3. Award taxable costs of this action, including service of process;

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ William Andrew Dupre*

William Andrew Dupre

2305 Tamarind Drive Suite 3

Fort Pierce, FL 34951

(772) 979-5551

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of March, 2026, a true and correct copy of the foregoing Motion for Final Default Judgment was served by U.S. Mail upon:

Resolve First Financial, LLC

c/o Tiffany Thrasher

1500 Klondike Rd, Suite A204

Conyers, GA 30094

*[signature]*

William Andrew Dupre

Plaintiff, Pro Se